UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CROSS COUNTRY MOTOR CLUB INC., AND CROSS COUNTRY MOTOR CLUB OF CALIFORNIA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SYKES CANADA CORPORATION <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CIVIL ACTION <br> NO. 05-10086-JLT |

## ANSWER TO COUNTERCLAIM

Cross Country Motor Club, Inc. and Cross Country Motor Club of California, Inc. (collectively, "Cross Country"), hereby respond to the allegations of Defendant Sykes Canada Corporation's ("Sykes") Counterclaim by corresponding paragraph numbers as follows:

### PARTIES

1. Admitted.

2. Admitted.

3. Admitted.

### JURISDICTION AND VENUE

4. The allegations contained in this paragraph constitute legal conclusions to which Cross Country need not reply, and to the extent a reply is required, the allegations contained therein are denied.

5. The allegations contained in this paragraph constitute legal conclusions to which Cross Country need not reply, and to the extent a reply is required, the allegations contained therein are denied.

## FACTUAL BACKGROUND

6.  Cross Country lacks information or knowledge sufficient to admit or deny the allegations contained in the first sentence of this paragraph, and therefore denies same. Cross Country admits the allegations contained in the second sentence of this paragraph.

7.  Admitted.

8.  Cross Country admits that, on or about March 19, 1990, it entered into a Mutual Brokerage Agreement with NAL (the "MBA"), and that the MBA speaks for itself. Except as so stated, Cross Country denies the allegations contained in this paragraph.

9.  Cross Country states that the MBA speaks for itself. Except as so stated, Cross Country denies the allegations contained in this paragraph.

10. Cross Country states that the MBA speaks for itself. Except as so stated, Cross Country denies the allegations contained in this paragraph.

11. Cross Country states that the MBA speaks for itself. Except as so stated, Cross Country denies the allegations contained in this paragraph.

12. Cross Country admits that, on or about August 1, 1993, it entered into a First Amendment to the MBA with Oracle (the "Amendment"), and that the Amendment speaks for itself. Except as so stated, Cross Country denies the allegations contained in this paragraph.

13. Cross Country states that the Amendment speaks for itself. Except as so stated, Cross Country denies the allegations contained in this paragraph.

14. Cross Country admits that, pursuant to the MBA, it has paid commissions to NAL and its successors in interest. Cross Country states that it advised Sykes that Sykes, over a period of years, had failed to pay commissions due and owing to Cross Country under the MBA and, at the same time, acknowledged that Cross Country had not made a small commission payment due to Sykes. Except as so stated, Cross Country denies the allegations contained in this paragraph.

## COUNT I
## (Breach of Contract)

15. Cross Country repeats and incorporates its responses to paragraphs 1-14 of the Counterclaim as if fully set forth herein.

16. Cross Country states that the MBA speaks for itself. Except as so stated, Cross Country denies the allegations contained in this paragraph.

17. Cross Country states that it advised Sykes that Sykes, over a period of years, had failed to pay commissions due and owing to Cross Country under the MBA and, at the same time, acknowledged that Cross Country had not made a small commission payment due to Sykes. Except as so stated, Cross Country denies the allegations contained in this paragraph.

18. Denied.

## COUNT II
## (Declaratory Relief Pursuant to 28 U.S.C. §2201)

19. Cross Country repeats and incorporates its responses to paragraphs 1-18 of the Counterclaim as if fully set forth herein.

20. Cross Country admits that it has demanded payments from Sykes and has filed suit against Sykes. Except as so stated, Cross Country denies the allegations contained in this paragraph.

21. Cross Country denies the allegations contained in the first sentence of this paragraph. In response to the allegations contained in the second sentence of this paragraph, Cross Country states that the MBA speaks for itself. Except as so stated, Cross Country denies the allegations contained in the second sentence of this paragraph.

22. Cross Country admits that, pursuant to the MBA, Sykes owes Cross Country commissions on all applicable contracts with automobile dealers and manufacturers regardless of whether the services involved were roadside or non-roadside services but otherwise denies the allegations contained in the first sentence of this paragraph. Cross Country denies the allegations contained in the second sentence of this paragraph.

23. Admitted.

24. Denied.

## COUNT III
### (Rescission/Cancellation of Contract)

25. Cross Country repeats and incorporates its responses to paragraphs 1-24 of the Counterclaim as if fully set forth herein.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

## GENERAL DENIAL AND RESPONSE

Cross Country generally denies each and every remaining allegation contained in the counterclaim that has not been previously admitted, denied or answered. Cross Country specifically denies that Sykes is entitled to any of the relief it requests.

## AFFIRMATIVE DEFENSES

1. The Counterclaim fails, in whole or in part, to state a claim upon which relief may be granted.

2. The Counterclaim is barred, in whole or in part, by virtue of Sykes' material breach of contract.

3. The Counterclaim is barred, in whole or in part, under principles of waiver and/or estoppel.

4. Sykes' claims are barred by the doctrine of unclean hands.

5. The Counterclaim is barred, in whole or in part, under the doctrines of recoupment and set-off.

6. Sykes' claims are barred by its own acts, omissions and/or course of conduct.

-5-

WHEREFORE, Cross Country respectfully requests that the Court dismiss each and every counterclaim, and grant Cross Country its costs, including reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

          Respectfully submitted,

          CROSS COUNTRY MOTOR CLUB, INC. and
          CROSS COUNTRY MOTOR CLUB OF
          CALIFORNIA, INC.,

          By their attorneys,

             /s/ William F. Benson
          Victor H. Polk, Jr. (BBO # 546099)
          William F. Benson (BBO #646808)
          BINGHAM McCUTCHEN LLP
          150 Federal Street
          Boston, MA  02110
          (617) 951-8000

Dated:  September 7, 2005