UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CROSS COUNTRY MOTOR CLUB INC. and CROSS COUNTRY MOTOR CLUB OF CALIFORNIA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SYKES CANADA CORPORATION, <br><br> Defendant. | Civil Action No. 05-10086-JLT <br><br> DEFENDANT'S MOTION FOR PROTECTIVE ORDER |

Defendant Sykes Canada Corporation ("Sykes") hereby moves pursuant to Fed. R. Civ. P. 26(c) for entry of a two-tier confidentiality and protective order with regard to information exchanged in this action, in order to protect highly sensitive confidential business and financial information that the parties have been, and will be, required to disclose in the discovery process and at trial. The entry of such an order is urgent, given the September 19, 2005, deadline that the Court has set for automatic discovery disclosures in this action. The parties have been able to agree to most aspects of an order except for the issue raised herein concerning who has access to documents labeled "highly confidential." In support of this motion, Sykes states as follows:

1. The parties to this action are competitors in the market for providing roadside assistance services to their respective third party customers. This action involves a dispute over the terms and performance of an alleged contract between the parties for reciprocal commissions on these third-party contracts. Discovery and trial of this action will therefore involve investigation by each party of the other parties' business and financial information, and is likely to include (but not be limited to) sensitive information regarding the negotiation of contracts with third parties, pricing and revenue information, payment histories, customer lists, and other

1

material of a strictly confidential nature that could give a competitor an unfair business advantage.

2. As such, it is Sykes' understanding that, except for one issue, the parties are in agreement that a "two-tier" confidentiality and protective order in this action is appropriate. See Sykes' Proposed Stipulated Confidentiality and Protective Order (attached hereto as Exhibit A); e-mail from Bingham McCutchen LLP dated September 13, 2005 (attached hereto as Exhibit B). Specifically, the parties have contemplated a protective order that allows the party producing documents or information to designate that information as "Confidential" or "Highly Confidential." As proposed by Sykes, the concept of the "Highly Confidential" designation is that information which would give a part an unfair competitive advantage could not be disclosed to the receiving party, as opposed to the receiving parties' outside attorneys. See Ex. A, ¶ 8.

3. While the parties agree with this general structure, the Plaintiffs have refused to assent to a protective order unless their in-house counsel, Mr. Peter Necheles, is permitted to view "Highly Confidential" information and documents from Sykes. See Ex. B. This would, however, eviscerate the protection that the "Highly Confidential" designation is intended to provide. Over the course of the parties' past dealings, it has become apparent to Sykes that Mr. Necheles is involved not only in providing legal counsel to the Plaintiffs, but also in providing business advice in the context of deals negotiated by the Plaintiffs. Indeed, both as in-house counsel and a participant in Cross Country's business dealings, Mr. Necheles is a key employee of the Plaintiffs in negotiating deals and contracts with third parties. If Mr. Necheles were permitted access to Sykes' competitive pricing and negotiation information regarding third parties, it would be impossible for him to disregard that information when either advising the

Plaintiffs on their negotiations with third party customers or, more likely, engaging in such negotiations himself. Accordingly, Sykes cannot agree to allow Mr. Necheles such access.

4. For these reasons, Sykes requests that the Court enter the proposed Stipulated Confidentiality and Protective Order attached hereto as <u>Exhibit A</u>. Sykes further requests that the Court act on this motion at its earliest convenience, because this Court's order of August 29, 2005, requires the parties to exchange information and documents on September 19, 2005, including certain information that Sykes intends to designate "Confidential" and "Highly Confidential"; without a protective order in place, Sykes will be unable to release this information.

WHEREFORE, Sykes moves that the Court enter the proposed Stipulated Confidentiality and Protective Order attached hereto as <u>Exhibit A</u>.

Respectfully submitted,

SYKES CANADA CORPORATION,

By its attorneys,

_____
Brenda M. Cotter (BBO #548004)
Jeffrey P. Hermes (BBO #637952)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA 02111
(617) 856-8200

DATED: September 14, 2005

### CERTIFICATION PURSUANT TO L.R. 7.1(A)(2)

I hereby certify that I have conferred with counsel for the Plaintiffs in this action in good faith with regard to the relief sought in this motion, and as a result have narrowed the issues on this motion to those set forth above.

_____
Brenda M. Cotter

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CROSS COUNTRY MOTOR CLUB INC., and CROSS COUNTRY MOTOR CLUB OF CALIFORNIA, INC.<br><br>　　　　Plaintiffs,<br>v.<br><br>SYKES CANADA CORPORATION<br><br>　　　　Defendant. | CIVIL ACTION NO. 05-10086-JLT |

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

It is HEREBY STIPULATED AND AGREED by and between the undersigned counsel and all parties herein, as follows:

1. This Order shall govern all documents and other discovery materials designated as "Confidential" and/or "Highly Confidential" and produced pursuant to any mandatory disclosure obligations or in response to any formal or informal discovery requests in these proceedings. This order shall govern, among other things, documents produced pursuant to Rules 26, 34 or 45 of the Federal Rules of Civil Procedure, answers to requests for admissions, answers to interrogatories, deposition and/or trial transcripts (both draft and final versions), deposition and/or trial testimony, all information contained therein, and all copies, excerpts or summaries thereof.

2. This Order shall also govern all documents and other discovery materials produced during discovery by any non-parties, but only where a non-party requests the protection provided by this Order.

3. By requesting the protection of this Order, no party or non-party shall waive its right to object to producing any document or other discovery materials.

4.     For purposes of this Order, "Confidential" and "Highly Confidential" materials shall be disclosed only in accordance with paragraphs 7 and 8 of this Order.

5.     Documents or other discovery material for which a claim of confidential or highly confidential status is made shall be designated by the Designating Party as "Confidential and/or "Highly Confidential" by stamping or typing the following designation prominently on the first page of such documents prior to their production: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".  A deposition may be designated confidential by the Designating Party stating orally on the record at a deposition or during the testimony that certain information is Confidential or Highly Confidential or that the entire transcript is so designated or following completion of the deposition the Designating Party, shall have fourteen (14) days after receipt of each volume to designate portions of the deposition testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" hereunder.  Such designations shall be made only when the Designating Party has a good faith basis for making the designation.

6.     In the event that any question is asked at a deposition in response to which a party asserts that such question calls for the disclosure of Confidential and/or Highly Confidential information, such questions shall nevertheless be answered by the witness fully and completely.  Prior to answering, however, all persons present shall be advised of and shall agree to the terms and conditions of this Order and all persons, other than the witness, his counsel if any, the reporters (including any camera operator/reporter in the case of any videotaped depositions), counsel for the parties in these cases, and any other persons to whom such information may be disclosed under paragraphs 7 and 8 herein, shall leave the room during the time in which this information is disclosed or discussed.

7.     Information designated as "Confidential" shall be used solely for the purposes of

this action. No commercial or other use shall be made of the confidential information belonging to the Designating Party. "Confidential" status shall apply to non-public information and materials which the designating party treats or regards as confidential. Such information may include, but is not limited to, non-public research, development and/or manufacturing information, non-public patent applications and filings, current non-public pricing or cost information, trade secret processes or technical know-how, sales and profit information, customer lists, market analyses or research, business plans or strategies, salesmen's call reports or e-mail, competitive analyses, product evaluations or analyses or test results, consumer research and supplier information. "Confidential Materials" may be reviewed and copied by counsel of record for the receiving party, but shall not be disclosed to any other person except as set forth herein, or as otherwise agreed in writing between the parties. "Confidential Materials" may be disclosed only as follows:

  (i)  to officers, directors, and employees of parties to this action;

  (ii)  to outside independent attorneys of record and of counsel, their associated attorneys, paralegals, and clerical staff employed in the preparation and trial of these actions;

  (iii)  to any person requested by counsel to furnish technical or other expert services or to give testimony, or otherwise to prepare for the trial of these actions; provided that each person to whom the information is to be disclosed first shall be advised of and agree in writing to the terms and conditions of this Order (such agreement in writing to take the form of Exhibit A hereto);

  (iv)  to a witness at any deposition, hearing or trial in these matters (except that such witnesses shall not retain documents containing such information subsequent to their testimony). Unless waived by the parties, prior to disclosing such information to a witness, a party must review the terms and conditions of this Order with the witness and obtain the witness' acknowledgment that he or she is

>bound by this Order; in addition, the witness should agree in writing to the terms and conditions of this order (such agreement in writing to take the form of Exhibit A hereto); and

>(v) to court personnel and court reporters involved in this action.

8. Information designated as "Highly Confidential" shall be used solely for purposes of this action. No commercial or other use of "Highly Confidential" information belonging to the other designating party shall be made. "Highly Confidential" status shall only apply to confidential information and materials of a trade secret or competitively-sensitive nature, the disclosure of which to the non-designating party, its agents or employees, or other persons would provide a competitive advantage to or potentially cause irreparable business harm to the designating party. Such information includes, but is not necessarily limited to, current non-public research, current non-public pricing or cost information, trade secret processes or technical know-how, sales and profit information and customer lists. To qualify as "Highly Confidential", the information in question must have been kept confidential and been treated as confidential by the Designating Party prior to the time of its disclosure in this litigation. Highly Confidential information and materials may only be disclosed to the following persons without leave of Court (except as otherwise provided herein):

>(i) outside independent attorneys of record and of counsel and their associated attorneys, paralegals and clerical staff employed in the preparation and trial of these actions;

>(ii) court personnel and court reporters involved in this action; and

>(iii) outside independent experts retained by the parties who are not competitors of the disclosing party and who are not otherwise employed by or affiliated with the parties and who agree in writing to be bound by this protective order (such agreement in writing to take the form of Exhibit A hereto).

A party may not use any "Highly Confidential" document or information of the Designating Party to examine a non-party or party witness other than the Designating Party's own representatives or employees unless eight (8) days advance notice of such use is provided in writing to the Designating Party and the witness acknowledges and agrees either in writing or on the record of the deposition or trial to be bound by the terms of this protective order. Such notice shall specifically identify the "Highly Confidential" documents or information that may be used or disclosed at the deposition or trial. Upon receipt of such notice, the Designating Party shall have five (5) business days to object in writing to the use of Highly Confidential documents or information. If an objection is received within five (5) business days, the documents or information shall not be disclosed to the witness and the Designating Party shall have an additional five (5) business days to make a motion for good cause to the Court to prevent such disclosure or use. If no objection is made within five (5) business days, the documents or information may be reviewed by the witness named on the notice after executing the form of undertaking attached as Exhibit A. Otherwise, the documents or information at issue shall not be disclosed until further order of the Court.

9. If at any time a party objects to a designation of documents or information as "Confidential" and/or "Highly Confidential" under this Order, the objecting party may notify the Designating Party in writing. The notice shall identify the documents or information in question, and shall specify in reasonable detail the reason for the objection. The parties shall endeavor to resolve any such objections informally. If no resolution is achieved, the party objecting may move the Court for a ruling on the confidentiality of the information.

10. At the time of filing any "Confidential" and/or "Highly Confidential" materials with the Court, the party filing such materials shall file and serve a notice of filing under seal.

11. Each party shall have responsibility, through counsel, to advise the Court and the Designating Party of any losses or compromises of the confidentiality of information of documents governed by this Order, and for ensuring compliance with the terms of this Order.

12. Within thirty (30) days, following the termination of this litigation or the Related Proceedings, counsel for each party shall return all "Confidential" and/or "Highly Confidential" materials to the Designating Party or at the party's option, destroy such materials, retaining no copies thereof. Outside counsel may retain litigation materials, but only after identifying such materials to opposing counsel. Such retained materials shall not be disclosed, however, to any parties following termination of the litigation.

13. Inadvertent production of any information, document or thing without it being marked "Confidential" or "Highly Confidential" shall not itself be deemed a waiver of any claim of confidentiality as to such matter and the same may be corrected with supplemental written notice.

14. If any party, person or entity receiving Confidential or Highly Confidential material receives a subpoena or other compulsory process from any person or entity seeking production or other disclosure or such materials, the Receiving Party shall give prompt written notice of that subpoena or process to the Designating Party. The purpose of this paragraph is to give the Designating Party an opportunity to intervene and object to the production. However, nothing hereunder will prevent a Receiving Party from complying with any subpoena or Court Order.

15. Nothing herein shall be construed as limiting in any way a party's use of its own Confidential or Highly Confidential documents.

16. This Court shall retain jurisdiction to modify the terms of this Order, or to enter

further Orders respecting confidentiality, as may be necessary.

Dated: September __, 2005

**PLAINTIFF,**
CROSS COUNTRY MOTOR CLUB INC., and CROSS COUNTRY MOTOR CLUB OF CALIFORNIA, INC.

By:_____
Victor H. Polk (BBO #5460999)
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110
(617) 951-8000 Tel
(617) 951-8736 Fax

- and -

Dated: September __, 2005

**DEFENDANT,**
SYKES CANADA CORPORATION

By:_____
Brenda M. Cotter (#548004)
Jeffrey P. Hermes (BBO #637952)
Brown, Rudnick, Berlack & Israels LLP
One Financial Center
Boston, MA 02111
Tel: (617) 617-856-8200
Fax: (617) 617-856-8201

**SO ORDERED**

Dated: _____, 2005

_____
Hon. Joseph L. Tauro
United States District Court Judge

7

**Exhibit A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CROSS COUNTRY MOTOR CLUB INC., and<br>CROSS COUNTRY MOTOR CLUB OF<br>CALIFORNIA, INC.<br><br>    Plaintiffs,<br><br>v.<br><br>SYKES CANADA CORPORATION<br><br>    Defendant. | CIVIL ACTION NO. 05-10086-JLT |

**STIPULATED CONFIDENTIALITY ORDER**

UNDERTAKING OF _____

STATE OF                    )
                                      ss:
COUNTY OF                )

I, _____, being duly sworn, state that:

1. My address is _____

2. My current employer is _____, whose address is

3. My current occupation or job description is _____
_____.

4. I have received a copy of the Stipulated Confidentiality and Protective Order entered in this case on _____, 2003.

5. I have carefully read and I understand the provisions of the Stipulated Confidentiality and Protective Order.

6. I will comply with all of the provisions of the Stipulated Confidentiality and Protective Order.

      7.     Specifically, I agree to use Confidential and/or Highly Confidential Information only in connection with this proceeding or in other actions involving the parties (but only to the same extent and under the same terms and conditions as such materials may be used in this action) and will hold in confidence, and not disclose to anyone not qualified under the Stipulated Confidentiality and Protective Order, all Confidential and/or Highly Confidential information.

      8.     I further agree to return all Confidential and/or Highly Confidential information that comes into my possession (and any documents or things that I prepare relating thereto) to the attorneys for the Designating Party or the party whom I have assisted in this proceeding either before or upon the conclusion of this proceeding.

      9.     I understand that if I violate the provisions of the Stipulated Confidentiality and Protective Order I will be subject to sanctions by this Court and that the parties may assert other remedies against me. I hereby submit to the jurisdiction of this Court for such purposes.

_____
(Signature)

Sworn to before me this
This \_\_\_\_ day of _____, 2005

Notary Public
My Commission Expires:

# 1386870 v1 - cotterbm - 024898/0001

## Hermes, Jeffrey P.

| | |
|---|---|
| **From:** | Benson, William F. [william.benson@bingham.com] |
| **Sent:** | Tuesday, September 13, 2005 1:53 PM |
| **To:** | Hermes, Jeffrey P.; Cotter, Brenda M. |
| **Cc:** | Polk, Victor H., Jr. |
| **Subject:** | FW: Cross Country v. Sykes/Proposed protective order |
| **Attachments:** | DOCS_B-#1386870-v1-SYKES_Stipulated_Confidentiality_and_Protective_Order.DOC |

Jeff,

We have made one change to the proposed protective order. Specifically, in Section 8 (Highly Confidential Material), we would like to have one identified in-house counsel be able to review material designated as "Highly Confidential." We have identified Peter Necheles as Cross Country's representative. Please advise whether you will agree to this provision.

Thanks,

Bill Benson
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110
Tel: 617-951-8659

-----Original Message-----
**From:** Polk, Victor H., Jr.
**Sent:** Friday, September 09, 2005 4:19 PM
**To:** Peter Necheles (E-mail)
**Cc:** Benson, William F.
**Subject:** FW: Cross Country v. Sykes/Proposed protective order


-----Original Message-----
**From:** Hermes, Jeffrey P. [mailto:JHermes@brownrudnick.com]
**Sent:** Friday, September 09, 2005 3:58 PM
**To:** Polk, Victor H., Jr.
**Cc:** Cotter, Brenda M.
**Subject:** Cross Country v. Sykes/Proposed protective order

Vic --

Attached for your review please find a draft of a two-tier proposed protective order for the exchange of documents in the above-captioned case.

-- Jeff

Jeffrey P. Hermes
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA 02111
Tel: (617) 856-8203
Fax: (617) 289-0461


****************************************************************
IRS Circular 230 Disclosure: To ensure compliance with U.S. Treasury
Regulations governing tax practice, we inform you that:

9/14/2005

Any U.S. tax advice contained in this communication (including attachments) was not written to be used for and cannot be used for (i) purposes of avoiding any tax related penalties that may be imposed under Federal tax laws, or (ii) the promotion, marketing or recommending to another party of any transaction or matter addressed herein.

The information contained in this electronic message may be legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Brown Rudnick Berlack Israels LLP, (617) 856-8200 (if dialing from outside the US, 001-617-856-8200) and purge the communication immediately without making any copy or distribution.
*****************************************************************
This footnote also confirms that this email message has been swept by MAILsweeper to enhance content security.
www.mimesweeper.com.